# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CRIM. NO. 2006-0030 |
| v. | ) | |
| | ) | |
| ST. CLAIR LIBURD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on the Motion for Judgment of Acquittal filed by Defendant St. Clair Liburd.  A jury found Liburd guilty of two counts of possession of, or aiding and abetting possession of, cocaine base (crack) with intent to distribute and two counts of possession of, or aiding and abetting possession of, cocaine powder.  Liburd was also convicted of conspiracy to possess crack and cocaine powder with intent to distribute.

## I.      Standard of Review

Review of the sufficiency of evidence supporting a conviction is "highly deferential." United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (citation omitted).  The Court "must determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict."  Hart, 273 F.3d at 371 (quotation omitted).  "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  United States v. Iafelice, 978 F.2d 92, 94

(3d Cir. 1992) (quotation omitted).  "Only when the record contains no evidence, regardless of

how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the

Court overturn the jury's verdict.  United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990)

(quotation omitted).

 "To sustain the jury's verdict, the evidence does not need to be inconsistent with every

conclusion save that of guilty."  United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990)

(quotation omitted).  "There is no requirement . . . that the inference drawn by the jury be the

only inference possible or that the government's evidence foreclose every possible innocent

explanation."  Iafelice, 978 F.2d at 97.  All issues of credibility are within the province of the

jury.  Gonzalez, 918 F.2d at 1132.

The Court views the totality of the circumstances when examining the sufficiency of the

evidence.  United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984).  "The prosecution may fulfill

its burden of proving the elements of a crime through circumstantial evidence."  Paez v. O'Lone

772 F.2d 1158, 1160 (3d Cir. 1985);  see Jackson v. Virginia, 443 U.S. 307, 324-25 (1979)

(finding that necessary intent was proven beyond a reasonable doubt through circumstantial

evidence);  see also Leon, 739 F.2d at 891 (finding that record had sufficient circumstantial

evidence for jury to find defendant guilty of aiding and abetting substantive crimes charged).  "It

is not unusual that the government will not have direct evidence.  Knowledge is often proven by

circumstances.  A case can be built against the defendant grain-by-grain until the scale finally

tips; and considering all the facts and drawing upon rational inferences therefrom, a reasonable

jury could find beyond a reasonable doubt that the defendant committed the crime for which he is

charged."  Iafelice, 978 F.2d at 98.  "Inferences from established facts are accepted methods of

proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred.  The fact that evidence is circumstantial does not make it less probative than direct evidence."  McNeill, 887 F.2d at 450 (citation omitted).

"The prosecution must prove every element of a crime charged beyond a reasonable doubt. . . ."  Government of the Virgin Islands v. Smith, 949 F.2d 677, 682 (3d Cir. 1991). "[D]iminishing this burden violates a defendant's right to due process."  Id.  On a post-trial motion for acquittal based on the insufficiency of the evidence, the Court must determine whether there is substantial evidence, direct or circumstantial, with logical inferences drawn in the light most favorable to the government, from which a reasonably jury could have found beyond a reasonable doubt that the government proved all the elements of the offense.  See United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991).

II.    Analysis

    A.    Counts 4 and 5 – Possession of Crack and Cocaine Powder with Intent to Distribute in the Mirage

The elements of the offenses charged in Counts 4 and 5 "are (1) knowing or intentional (2) possession (3) with intent to distribute of (4) a controlled substance."  United States v. Goldberg, 538 F.3d 280, 287 (3d Cir. 2008) (quotation omitted).  Viewed in the light most favorable to the Government, the evidence shows that Liburd rented a hotel room at Club St. Croix.  Defendant Khalif Berry and Winston Samuel were in the hotel room producing crack from cocaine powder and baking soda.  Liburd left the room with Samuel.  Samuel had a bag in his hand as Liburd and Samuel walked to, and got into, Liburd's Mitsubishi Mirage.  Law

enforcement officers found 545 grams of crack in the rear seat of the Mirage and 245 grams of cocaine powder in the front of the vehicle.  Pots and utensils in the hotel room had cocaine residue.  Liburd told his mother that the drugs in the vehicles were his.

The jury could reasonably infer that Liburd assisted in the production of the crack by renting a hotel room where it could be "cooked."  He knew that the room was being used for this purpose because he was there when the crack was being manufactured.  From the quantity of drugs, this jury could determine that the crack and cocaine powder were meant to be sold.  Finally, the drugs were found in Liburd's car and Liburd told his mother that they were his.  Thus, the Government presented substantial evidence to show that Liburd possessed the crack and cocaine powder found in the Mirage with intent to distribute.

B.      Counts 6 and 7 – Possession of Crack and Cocaine Powder with Intent to
        Distribute by the Bridge Walkway at Club St. Croix.

After Liburd and Samuel went to the Mirage, Berry exited from what the jury could infer was the same hotel room.  When Berry saw the law enforcement officers he ran.  Cocaine powder and crack was found along the route that he took by the bridge walkway, along with Berry's cellular phone.

There is no evidence to suggest that Liburd actually or constructively possessed the crack or cocaine powder that Berry presumably discarded.  However, Liburd could be found guilty of aiding and abetting Berry under 18 U.S.C. § 2 if "the substantive crime has been committed and . . . the defendant knew of the crime and attempted to facilitate it."  United States v. Frorup, 963 F.2d 41, 43 (3d Cir. 1992).

By renting the room to produce crack, Liburd assisted in Berry's possession of the crack

that he took from the room.  Liburd also eased Berry's possession of the cocaine powder by

providing him with a location where he could discretely process cocaine powder into crack.  The

jury could infer that the cocaine powder that Berry tossed was the cocaine powder remaining

after a portion of the cocaine powder was extracted to make crack.  Thus, by providing Berry

with, what Berry believed to be, a secure location for handling the cocaine powder, Liburd aided

and abetted Berry in Berry's possession of the cocaine powder.  From Berry's numerous recorded

conversations, the jury could readily infer that Berry intended to sell the crack and cocaine

powder he had been carrying.  Thus, substantial evidence shows that Berry committed the

substantive crime of possession of crack and cocaine powder and that Liburd facilitated Berry's

commission of that crime.

> C.   Count 1 – Conspiracy to Possess Cocaine Base and Cocaine Powder with Intent to
> Distribute

"A conspiracy is a partnership in criminal purposes."  United States v. Kissel, 218 U.S.

601, 608 (1910).  The elements of conspiracy are: "(1) a shared 'unity of purpose,' (2) an intent

to achieve a common goal, and (3) an agreement to work together toward the goal."  United

States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006) (citation omitted).  These elements can be

proven "entirely by circumstantial evidence."  United States v. Gibbs, 190 F.3d 188, 197 (3d

Cir.1999).

"We punish conspiracy because joint action is, generally, more dangerous than individual

action.  What makes the joint action of a group of $n$ persons more fearsome than the individual

actions of those $n$ persons is the division of labor and the mutual psychological support that

collaboration affords."  United States v. Townsend, 924 F.2d 1385, 1394 (7th Cir. 1991)

(quotation omitted).

On September 30, 2005, the police stopped Defendant Zacheaus Blake and seized drugs and money.  Blake spoke to Liburd by telephone and told Liburd that someone was "ratting in the federation."  Liburd told Blake that the most important thing was that he got away from the police.  Liburd also supported Blake by advocating silencing the culprit.  He advised  Blake "well you have to get a crew and lest us, like you know how we do it."   The jury could infer from this conversation that Liburd recognized that existence of a conspiracy and furthered the conspiracy by letting Blake know that he would support his efforts at stopping any informant.

## III.     Conclusion

For the foregoing reasons, Defendant St. Clair Liburd's Motion for Judgment of Acquittal is denied.


ENTER:


DATE:          May 1, 2009                     _____/s/_____
                                               RAYMOND L. FINCH
                                               SENIOR DISTRICT JUDGE

6